**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES *ex rel* SHAPIRO,                    No. C-11-03261-DMR

          Plaintiff(s),                    **ORDER SETTING CASE
MANAGEMENT CONFERENCE AND
STANDING ORDER FOR MAGISTRATE
JUDGE DONNA M. RYU**

      v.

BALL,

          Defendant(s).
_____/

**INITIAL CASE MANAGEMENT CONFERENCE**

TO ALL PARTIES AND COUNSEL OF RECORD:

        The above-entitled matter having been reassigned to the Honorable Donna M. Ryu  for trial
and all further proceedings,

        IT IS HEREBY ORDERED, pursuant to Fed.R.Civ.P. 16 and Civil L.R.16-10, that a Case
Management Conference shall be held in this case before the Honorable Donna M. Ryu on **May 9,
2012, at 1:30 p.m.,** in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland,
California.

        No later than April 18, 2012, the parties shall (1) meet and confer regarding Fed.R.Civ.P. 26
initial disclosures, early settlement, ADR process selection, and a discovery plan; (2) file an ADR
Certification (form available at http://www.cand.uscourts.gov) signed by the parties and counsel
pursuant to A.D.R. L.R. 3-5(b); and (3) file either a Stipulation to ADR Process or Notice of Need
for ADR Phone Conference (form available at http://www.cand.uscourts.gov) pursuant to ADR L.R.
3-5(b) & (c).

**United States District Court**
For the Northern District of California

1    No later than May 2, 2012, the parties shall file a Joint Case Management Statement in

2  conformance with Judge Ryu's attached Standing Order.

3    Each attorney of record in all "E-Filing" cases is obligated to become an ECF User

4  and be assigned a user ID and password for access to the system upon designation of the action as

5  being subject to ECF.  Registration shall be on a form prescribed by the Clerk.  Attorneys of record

6  who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

7                        **STANDING ORDER FOR**

8                **MAGISTRATE JUDGE DONNA M. RYU**

9                        *(Revised February 22, 2011)*

10    Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure,

11  the Northern District of California's Local Rules and General Orders, and this standing order, all of

12  which are available at http://www.cand.uscourts.gov. The parties' failure to comply with any of the

13  rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other

14  appropriate sanctions.

15                **CALENDAR DATES AND SCHEDULING**

16  1.    Criminal motions are heard on the second and fourth Thursdays of the month at 11:00

17  a.m., or during the regular criminal calendar when Judge Ryu is on criminal calendar duty.  Civil

18  motions are also heard on the second and fourth Thursdays of the month at 11:00 a.m. Civil case

19  management and status conferences are heard on Wednesdays at 1:30 p.m.  Civil pretrial

20  conferences are heard on Wednesdays at 3:00 p.m.

21  2.    Parties should notice motions (other than discovery motions) pursuant to the local rules.

22  Parties need not reserve a hearing date, but should confirm the Court's availability at

23  http://www.cand.uscourts.gov.  The Court may reset hearing dates as the Court's calendar requires.

24  3.    For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia at (510)

25  637-3639.

26                        **CONSENT CASES**

27  4.    In civil cases that are randomly assigned to Judge Ryu for all purposes, the parties should

28

**United States District Court**
For the Northern District of California

1    file their written consent to the assignment of a United States Magistrate Judge for all purposes or

2    their written declination of consent *as soon as possible*, and in no event later than the deadlines

3    specified in Civil L.R. 73-1(a)(1) and (2).

4                    **CHAMBERS COPIES AND PROPOSED ORDERS**

5    5.        Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and

6    mark it as a copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the

7    Oakland Clerk's Office.  In a case subject to electronic filing, chambers copies must be submitted by

8    the close of the next court day following the day the papers are filed electronically.

9    6.        Any stipulation or proposed order in a case subject to e-filing should be submitted by email to

10   dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed.

11   This address should only be used for this stated purpose unless otherwise directed by the Court.

12                         **CIVIL CASE MANAGEMENT**

13   7.        No later than seven (7) days before the initial case management or status conference, the

14   parties shall file a Joint Case Management Statement in full compliance with the Northern District of

15   California's general standing order for civil cases entitled "Contents of Joint Case Management

16   Statement," a copy of which is attached hereto.

17   8.        Parties may not stipulate to continue a case management, status, or pretrial conference

18   without Court approval.   Each party shall be represented **in person** at the Case Management

19   Conference by lead trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of

20   the matters referred to in the Northern District of California's general standing order on Joint Case

21   Management Statements; and (2) have full authority to enter stipulations and make admissions

22   pursuant to that order.  Permission for a party to attend by telephone may be granted, in the Court's

23   discretion, upon written request made at least two weeks in advance of the hearing if the Court

24   determines that good cause exists to excuse personal attendance, and that personal attendance is not

25   needed in order to have an effective conference.  The facts establishing good cause must be set forth

26   in the request.

27   9.        All case management, status and pretrial conferences are audio recorded.  They are not

28   reported by a court reporter unless counsel requests a court reporter in advance.

                              **CIVIL DISCOVERY**

**United States District Court**
For the Northern District of California

**Discovery Disputes**

10.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the Court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements.  The meet and confer session must be ***in person or by telephone,*** and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no later than five (5) business days after the meet and confer session.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue.  The joint letter shall not exceed ten (10) pages without leave of Court.  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four (4) pages, which shall include an explanation of why a joint letter was not possible.  When appropriate, the parties may submit one exhibit to the letter that sets forth each discovery request at issue in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in any such exhibit.  No other exhibits shall be submitted without prior approval by the Court.  The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary.

11.     In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy.  If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

12.     In the event that a discovery hearing is ordered, the Court has found that it is often efficient and beneficial for the parties if counsel appear ***in person***.  This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve.  For this reason, the Court expects counsel to appear in person.  Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two weeks in advance of the hearing if

4

**United States District Court**
For the Northern District of California

1    the Court determines that good cause exists to excuse personal attendance, and that personal

2    attendance is not needed in order to have an effective discovery hearing.  The facts establishing good

3    cause must be set forth in the request.

4    **Privilege Logs**

5    13.      If a party withholds information that is responsive to a discovery request by claiming that

6    it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide

7    a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a

8    document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log shall

9    set forth the privilege relied upon and specify separately for each document or for each category of

10   similarly situated documents:

11           (a) the title and description of the document, including number of pages or Bates-number

12           range;

13           (b) the subject matter addressed in the document;

14           (c) the identity and position of its author(s);

15           (d) the identity and position of all addressees and recipients;

16           (e) the date the document was prepared and, if different, the date(s) on which it was sent to or

17           shared with persons other than its author(s); and

18           (f) the specific basis for the claim that the document is privileged or protected.

19   Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

20

21   IT IS SO ORDERED.

22

23   _____

24   DONNA M. RYU
     United States Magistrate Judge

25

26

27

28

**United States District Court**
For the Northern District of California

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**
**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.     <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.     <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**United States District Court**
For the Northern District of California

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.